IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02855-GPG

DANIEL ERIC SALLEY,

      Applicant,

v.

T. K. COZZA-RHODES,

      Respondent.

---

## ORDER TO SHOW CAUSE

---

Applicant Daniel Eric Salley is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Applicant, acting *pro se*, initiated this action by filing a 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.   The Court granted the § 1915 Motion on January 4, 2016.

Applicant asserts that his sentence is not being executed properly because two orders were entered in his criminal case, Case No. 01-cr-00750, in the United States District Court in Chicago, Illinois that are conflicting.   Applicant contends that he was convicted on October 25, 2005, even though he was found incompetent to stand trial on January 31, 2003.   Applicant further contends that the incompetence ruling has never been vacated.   Applicant seeks immediate release.

The Court has reviewed the docket in *United States v. Salley*, No. 01-cr-00750-1 (N.D. Ill. Feb. 9, 2009), Applicant's criminal case at issue in this action.   The docket confirms he was convicted by a jury on October 25, 2005, of (1) two counts of attempted murder; (2) six counts of use of a firearm during a felony crime of violence; (3) three

counts of assault; (4) hostage taking; (5) unlawful possession of a firearm subsequent to a misdemeanor conviction for domestic battery; and (6) two counts of bank robbery.   *See* Case No. 01-cr-00750-1, ECF Nos. 175 and 189 at 1-2.   Applicant then was sentenced on February 9, 2006 to life imprisonment, plus 132 years to run consecutively to the term of life imprisonment.   ECF No. 189 at 3.

Prior to trial, on January 31, 2003, the court found that Applicant was suffering from a mental disease or defect (Delusional Disorder), rendered him mentally incompetent to the extent that he was unable to assist properly in his defense, and ordered him hospitalized for treatment in a suitable facility.   ECF No. 66.   The court further ordered Applicant returned to the court after ninety days and a report to be provided on the progress of his treatment.   *Id.*   On January 14, 2004, the court found that Applicant was competent to stand trial.   ECF No. 96.   Applicant appealed the competency finding to the Seventh Circuit; the appeal was denied as nonfinal.   ECF No. 116.

This is not the first § 2241 action that Applicant has filed and argued that the final judgment of conviction was entered in his criminal case, No. 01-cr-00750, without the January 31, 2003 order being vacated or reversed on appeal.   Applicant has made identical allegations in at least five other cases he initiated in either the District Court of Arizona, the District Court of the Western District of Louisiana, or the Middle District of Florida.   *See Salley v. Winn*, No. 13-cv-01673-JGZ-CRP (D. Ariz. Nov. 19, 2013) (claimed he was convicted and sentenced even though ruling outstanding that he was incompetent to stand trial); *Salley v. Winn*, No. 13-cv-01638-JGZ-CRP (D. Ariz. Nov. 19, 2013) (claimed he was convicted and sentenced even though ruling outstanding that he was incompetent to stand trial); *Salley v. Young*, No. 11-cv-00102-PM-KK (W.D. La. Jan. 3, 2012); *Salley v. Apker*, No. 11-cv-00586-JGZ-HCE (D. Ariz. Oct. 31, 2012) (claims he

was found incompetent to stand trial, the charges were disposed of, and he was sentenced to 120 days; then was sentenced a second time on the same charges for which he served 120 days ); *Salley v. United States*, No. 09-cv-00480-GKS-KRS (M.D. Fla. Mar. 23, 2009) (a motion for release based on his incompetency like the other four actions   that was transferred to the Northern District of Illinois, the sentencing court, and then denied by the Northern District).

Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious.   *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).   The Court may consult its own records to determine whether a pleading repeats pending or previously litigated claims.   *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).

Applicant, therefore, will be ordered to show cause why this action should not be dismissed as repetitious.   Accordingly, it is

ORDERED that Applicant show cause in writing within thirty days from the date of this Order why this action should not be dismissed as repetitive of the previous cases listed above.   It is

FURTHER ORDERED that if Applicant fails to show cause to the Court's satisfaction within thirty days from the date of this Order, the Court will dismiss the action as repetitious.

DATED January 17, 2016, at Denver, Colorado.

BY THE COURT:



_____

Gordon P. Gallagher
United States Magistrate Judge