IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02855-GPG

DANIEL ERIC SALLEY,

    Applicant,

v.

T. K. COZZA-RHODES,

    Respondent.

---

ORDER OF DISMISSAL

---

    Applicant Daniel Eric Salley is a prisoner in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary in Florence, Colorado. On December 30, 2015, Applicant initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. The Court granted Applicant leave to proceed under § 1915 on January 4, 2015.

    Applicant asserts that his sentence is not being executed properly because two orders were entered in his criminal case, Case No. 01-cr-00750, in the United States District Court in Chicago, Illinois that are conflicting. Applicant contends that he was convicted on October 25, 2005, even though he was found incompetent to stand trial on January 31, 2003. Applicant further contends that the incompetency ruling has never been vacated. Applicant seeks immediate release.

Magistrate Judge Gordon P. Gallagher reviewed the Application and determined that Applicant had stated identical allegations in the criminal case and at least three other federal district courts. Specifically, Magistrate Judge Gallagher found as follows.

> The Court has reviewed the docket in *United States v. Salley*, No. 01-cr-00750-1 (N.D. Ill. Feb. 9, 2009), Applicant's criminal case at issue in this action. The docket confirms he was convicted by a jury on October 25, 2005, of (1) two counts of attempted murder; (2) six counts of use of a firearm during a felony crime of violence; (3) three counts of assault; (4) hostage taking; (5) unlawful possession of a firearm subsequent to a misdemeanor conviction for domestic battery; and (6) two counts of bank robbery. See Case No. 01-cr-00750-1, ECF Nos. 175 and 189 at 1-2. Applicant then was sentenced on February 9, 2006 to life imprisonment, plus 132 years to run consecutively to the term of life imprisonment. ECF No. 189 at 3.
>
> Prior to trial, on January 31, 2003, the court found that Applicant was suffering from a mental disease or defect (Delusional Disorder), rendered him mentally incompetent to the extent that he was unable to assist properly in his defense, and ordered him hospitalized for treatment in a suitable facility. ECF No. 66. The court further ordered Applicant returned to the court after ninety days and a report to be provided on the progress of his treatment. *Id.* On January 14, 2004, the court found that Applicant was competent to stand trial. ECF No. 96. Applicant appealed the competency finding to the Seventh Circuit; the appeal was denied as nonfinal. ECF No. 116.
>
> This is not the first § 2241 action that Applicant has filed and argued that the final judgment of conviction was entered in his criminal case, No. 01-cr-00750, without the January 31, 2003 order being vacated or reversed on appeal. Applicant has made identical allegations in at least five other cases he initiated in either the District Court of Arizona, the District Court of the Western District of Louisiana, or the Middle District of Florida. *See Salley v. Winn*, No. 13-cv-01673-JGZ-CRP (D. Ariz. Nov. 19, 2013) (claimed he was convicted and sentenced even though ruling outstanding that he was incompetent to stand trial); *Salley v. Winn*, No. 13-cv-01638-JGZ-CRP (D. Ariz. Nov. 19, 2013) (claimed he was convicted and sentenced even though ruling outstanding that he was incompetent to stand trial); *Salley v. Young*, No. 11-cv-00102-PM-KK (W.D. La. Jan. 3, 2012); *Salley v. Apker*, No. 11-cv-00586-JGZ-HCE (D. Ariz. Oct. 31, 2012) (claims he was found incompetent to stand trial, the charges were disposed of, and he was sentenced to 120 days; then was sentenced a second time

> on the same charges for which he served 120 days ); *Salley v. United States*, No. 09-cv-00480-GKS-KRS (M.D. Fla. Mar. 23, 2009) (a motion for release based on his incompetency like the other four actions that was transferred to the Northern District of Illinois, the sentencing court, and then denied by the Northern District).

ECF No. 5 at 1-3.

Magistrate Judge Gallagher then ordered Applicant to show cause why this action should not be dismissed as repetitious. Repetitious litigation of virtually identical causes of action may be dismissed as frivolous or malicious. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam). Applicant responded on February 24, 2016. Nothing that Applicant asserts is supported by the docket in his criminal case or the dockets in any of the § 2241 actions he has initiated. No matter how Applicant attempts to describe the claims asserted in each of the § 2241 actions he has filed, the basis for his claims is that he allegedly was convicted while he had been determined to be incompetent and the incompetency finding was never vacated by the convicting court.

In this case, Applicant frames his claims as challenging the manner in which the BOP is executing his sentence. As stated above, Applicant contends there are two conflicting orders in his criminal case and the BOP has failed to file a motion to reconcile the discrepancy. The review of the docket in Case No. 01-cr-00750 reveals that Applicant's claims are not true. The incompetency finding is not pending. Applicant's claims regarding the execution of this sentence therefore are baseless and repetitious of claims presented in other federal district courts.

Nonetheless, even if this Court were to find Applicant's claims as truthfully presented and consider the claims as a challenge to the validity of his conviction, which in essence his claims do challenge the validity of his conviction, the Application would be denied for the following reasons. "A federal prisoner may file a § 2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of § 2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (citing 28 U.S.C. § 2255(e); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)). The narrow reading of the savings clause is well established in the Tenth Circuit. *See Prost v. Anderson*, 636 F.3d 578, 588 (10th Cir. 2011). Rarely is a remedy inadequate or ineffective to challenge a conviction in a § 2255 motion. *Brace*, at 1169 (citing *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010) (erroneous decision on a § 2255 does not necessarily render the § 2255 remedy inadequate or ineffective)); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (The remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances.") .

The remedy available pursuant to § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief. *See Caravalho*, 177 F.3d at 1178. Applicant does not assert any of these circumstances.

Another circumstance where the remedy in a § 2255 motion may be inadequate and ineffective is where the gate-keeping language of § 2255 bars retroactive application of a Supreme Court case that does not state a new rule of constitutional law but demonstrates an applicant is actually innocent. *United States v. Apodaca*, 90 F. App'x 300, 303 n.8 (10th Cir. Jan. 30, 2004) (unpublished) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 902 n.20 (5th Cir. 2001) (incorporating in the savings clause a test for actual innocence that would allow a habeas corpus application pursuant to § 2241 to proceed)). The Tenth Circuit, however, has now explicitly declined to adopt the *Reyes-Requena* test. *See Prost*, 636 F.3d at 593-94. The Tenth Circuit disregarded the "actually innocent" provision, as a novel question that creates "a test Congress never authorized." *Id.* at 596 (Tenth Circuit declines to incorporate actual innocence under a new statutory interpretation to invoke the savings clause).

Furthermore, the erroneous circuit foreclosure test, *see In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998) (based on the fundamental legality of a sentence, the Seventh Circuit found § 2241 an appropriate avenue for relief when a defendant is unable to obtain relief on a basis not yet established by law in a first motion and unable to do so in a successive motion when relief is neither newly discovered evidence nor a new rule of constitutional law), is rejected by the Tenth Circuit as a way to invoke the savings clause and proceed to § 2241. *Prost*, 636 F.3d at 593-94. The Tenth Circuit found that the foreclosure test disregards § 2255(h) in allowing an applicant to proceed through the § 2255(e) savings clause in disregard of Congress's concern for finality when a conviction has been tested through trial, appeal, and one round of collateral review. *Id.* at 591.

Applicant bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective. *Id.* at 584. "[A] prisoner can proceed to § 2241 only if his initial § 2255 motion was *itself* inadequate or ineffective to the task of providing the [applicant] with a *chance* to *test* his sentence or conviction." *Id.* at 587. A sentencing court's denial of an applicant's § 2255 motion on the merits, does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. *See Carter v. Attorney General*, 782 F.2d 138, 141 (10th Cir. 1986) ("[c]ollateral attacks upon criminal convictions, no matter how they are characterized by a litigant, are properly governed by the same considerations which underlie habeas corpus proceedings."). Furthermore, "[f]ailure to obtain *relief* under § 2255 does not establish that the *remedy* so provided is either inadequate or ineffective." *See Bradshaw* , 86 F.3d at 166 (quoting *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963)).

Nonetheless, the Court will dismiss this action as repetitious.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989). Applicant is warned if he files any future civil actions

in this Court challenging issues that either are untrue or more properly addressed in Case No. 01-cr-00750 in the United States District Court for the Northern District of Illinois this Court will consider filing restrictions or even sanctions against Applicant.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application is denied and the action dismissed for the reasons stated above.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED March 18, 2016, at Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court